CONNECTICUT GENERAL LIFE INSURANCE COMPANY, et al., Plaintiffs—Appellees,

v.

NEW IMAGES OF BEVERLY HILLS, et al., Defendants,

and

Ezeckiel Zilka, M.D., Defendant—Appellant.

No. 01–55516.

D.C. No. CV–99–08197–JSL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 11, 2003.

Decided March 3, 2003.

Before B. FLETCHER and HAWKINS, Circuit Judges, and BURY,* District Judge.

MEMORANDUM**

A. Procedural Irregularities

The "procedural irregularities" of which Ezeckiel Zilka complains did not deprive him of due process. Although the plaintiffs' notice of motion for summary judgment and the first order granting summary judgment appear to have inadvertently omitted three RICO claims, the plaintiffs' moving papers provided clear notice of the claims that were the subject of the motion and specifically referenced the first, second and fourth RICO claims involving the Beverly Hills Outpatient Surgery Center ("BHOSC"), Moreno Valley and Westwood clinics. In addition, Zilka has not demonstrated how he was prejudiced by any shortcomings in the notice or order. Likewise, in the court's order dismissing claims and certifying judgment against Zilka, it was not prejudicial error for the district court to

---

* Honorable David C. Bury, United States District Judge for the District of Arizona, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

have failed to strike a reference to a hearing that did not occur because Zilka elected not to oppose the motion.

The district court did not abuse its discretion by concluding that the letter sent by plaintiffs' attorneys to defense counsel prior to seeking summary judgment on liability satisfied the local "meet and confer" rule. Nor did the district court abuse its discretion by concluding that the plaintiffs' "Statement of Uncontroverted Facts" was sufficient under local rules.

## B. Evidentiary Objections

Zilka complains about numerous defects concerning the evidence submitted in connection with the plaintiffs' motions for liability and damages. His objections are all without merit.

The insider declarations were based on "personal knowledge" as required by Federal Rule of Civil Procedure 56(e). The patient declarations were also based on personal knowledge and corroborated by accompanying bills and/or surgery descriptions signed by Zilka. The Fox declaration was also proper. Fox was not purporting to have personal knowledge of the actual contents of the numerous exhibits, but was merely attesting that attached were true copies of declarations by others (who had personal knowledge of the statements they made), or copies of medical records that had been produced in discovery by other defendants. *See Maljack Prods., Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 889 n. 12 (9th Cir.1996) (documents produced by a party in discovery are deemed authentic where the producing party does not challenge their authenticity).[1] The Knapp declaration was

also admissible. The BHOSC and Westwood medical records did not require additional authentication because they were produced by these defendants in response to discovery requests. The additional information used to compile the damages charts came from plaintiffs' claims payment records, which were authenticated as business records by various representatives of the plaintiffs. From this admissible evidence, Knapp prepared a proper "summary" of the evidence. Fed.R.Evid. 1006.

The district court did not abuse its discretion by considering the guilty pleas of numerous co-defendants. These pleas are extremely probative to illustrate a "pattern of racketeering activity," an essential element of a RICO violation. *Howard v. America Online, Inc.*, 208 F.3d 741, 746 (9th Cir.2000)(discussing RICO elements). The indictments and pleas describe the scope and details of the fraud, from explaining how patients were recruited to describing how reports were falsified and billed. For similar reasons, the court also did not abuse its discretion by considering the invocations of the Fifth Amendment by Zilka's co-defendants, Drs. Golden and Koh. We also note that this argument lacks force because Zilka himself took the Fifth, and thus the court was already entitled to draw adverse inferences against him, regardless of what his co-defendants elected to do. *United States v. Solano-Godinez*, 120 F.3d 957, 962 (9th Cir.1997)

## C. Liability for RICO and common law fraud

Zilka's substantive challenges to the merits of the liability motion for RICO and

---

1. Zilka also objects to the admissibility of a press release and a proposed decision concerning the revocation of Zilka's medical license, which were attached to the Fox declaration. These documents are of minimal value and, even assuming Zilka's arguments have merit, their inadmissibility would not alter the basis for the summary judgment on liability.

common law fraud are raised for the first time on appeal and Zilka has offered no justification for his failure to present them below. Accordingly, we treat these issues as waived. *Marx v. Loral Corp.*, 87 F.3d 1049, 1055 (9th Cir.1996).

### D. Damages

The district court properly awarded summary judgment to the plaintiffs on the issue of damages. Plaintiffs supported their motion with summaries of surgeries at BHOSC and Westwood, and these summaries were based on admissible evidence. Zilka could not create a genuine issue of fact with his own declaration; having invoked the Fifth Amendment during discovery, Zilka could not testify to dispute the plaintiffs' evidence or support his version of the facts. *SEC v. Colello*, 139 F.3d 674, 678 (9th Cir.1998).[2]

### E. Denial of motion to continue

The district court did not abuse its discretion by denying Zilka's motion for further discovery prior to ruling on the liability summary judgment motion since Zilka failed to show in his original motion that the additional discovery would prevent summary judgment. *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 921 (9th Cir.1996).

AFFIRMED.

---

**2.** Zilka could have introduced affidavits from third parties, but did not do so with respect to BHOSC or Westwood, which were the clinics at issue in the damages motion.